UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.:

FILED
2009 NOV 23 PM 2: 47
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

SAMANTHA SCHREIBER,

    Plaintiff,

vs.

6:09-cv-1993-Orl-28KRS

U.S. LEADER RESTAURANTS, INC.,
a Florida Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, **SAMANTHA SCHREIBER**, by and through undersigned counsel, hereby sues the Defendant, **U.S. LEADER RESTAURANTS, INC.**, a Florida Corporation, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181, et seq., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG"), and alleges as follows:

### JURISDICTION

1. The Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181 et seq., based on Defendant's failure to remove physical barriers to access and violations of Title III of the Americans with Disabilities Act (see also 28 U.S.C. § 2201 and 2202).

### PARTIES

2. The Plaintiff, **SAMANTHA SCHREIBER**, is an individual who uses a wheelchair for her mobility. Ms. Schreiber is a resident of Palmetto Bay, Miami-Dade County, Florida, is *sui juris*. Ms. Schreiber has suffered direct injury as a result of the Defendant's actions or inaction described herein. Ms. Schreiber personally visited Defendant's premises and was personally limited by the barriers present at Defendant's premises, resulting in the instant lawsuit. Such barriers constitute discrimination

prohibited by the ADA. Ms. Schreiber will visit the premises in the near future to avail herself of the goods and services offered to the public at the property but fears continued discrimination as a result of the ADA violations therein.

3. Completely independent of her personal desire to have access to places of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" on behalf of herself, and other persons with disabilities, for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. She personally visits the public accommodation where he knows or where it has been reported to her that illegal barriers to access exist; engages all of the barriers to access, or at least all of those that she is able to access; and tests all of those barriers to access to determine whether and the extent to which there are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits for personal reasons, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises.

4. In this instance, Plaintiff, in his individual capacity for personal reasons, and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendant's ADA violations set forth herein.

5. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of Defendant's actions or inaction described herein.

6. Defendant transacts business in West Melbourne, Florida and within this judicial district. Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action, more commonly referred to as "Taco Bell," located at or about 2035 W. New Haven Avenue, West Melbourne, Florida (hereinafter, the "Facility").

## FACTUAL ALLEGATIONS AND CLAIM

7. On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et. seq.*, establishing the most important civil rights law for persons with disabilities in our country's history.

8. The Congressional statutory findings include:

   (a) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   (b) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   (c) discrimination against individuals with disabilities persists in such critical areas as employment, housing, **public accommodations**, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

   (d) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; and,

   (e) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non productivity.

42 U.S.C. § 12101(a)(1)-(3), (5) and (9).

9. Congress explicitly stated that the purpose of the ADA was to:

   (a) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   (b) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

   (c) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1), (2) and (4).

10. Congress provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA, was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

11. The Facility is a public accommodation and service establishment.

12. The Facility must be, but is not, in compliance with the ADA and ADAAG.

13. Plaintiff has attempted to and has, to the extent possible, accessed the Facility, but could not do so because of her disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit her access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

14. Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this facility, but will be unable to do so because of this disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the property that preclude and/or limit her access

to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

15. Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C. § 12182, *et seq.*, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

16. Pursuant to the mandates of U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*, and 20 C.F.R. § 36.508(a).

17. Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of Plaintiff's disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, include:

**Parking**

    a.    The disabled use spaces do not have wide enough access aisles, violating Section 4.1.2 and 4.6.3 of the ADAAG.

    b.    There is no accessible route from the parking areas to the facility, in violation of Sections 4.3.2, 4.6.2 and 4.6.3 of the ADAAG.

c. The ramps provided from the parking areas to the facility have slopes, side-slopes, and/or cross slopes in excess of the limits prescribed in Section 4.8 of the ADAAG.

d. There are no proper handrails provided for the ramps from the parking areas to the facility, in violation of Section 4.8.5 of the ADAAG.

e. The accessible parking spaces are improperly dispersed and marked as per U.S. Dep't of Transp., Manual on Uniform Traffic Control Devices, Pt. 3, § 3A.05 (2000) (striped in white and prominently outlined in blue), and in violation of Section 4.6.2 of the ADAAG.

**Entrance Access and Path of Travel**

f. There are no accessible routes from the street, sidewalk and parking areas. There are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG.

g. The doors of the building entrances are fitted with inaccessible hardware at the facility, in violation of Section 4.13.9 of the ADAAG.

h. There are ramps at the facility that do not have level landings and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.8.2, 4.8.4 and 4.8.6 of the ADAAG.

i. The clear width and/or maneuvering clearances at doors to the facility are less than prescribed, violating Section 4.13.5 of the ADAAG.

j. There are doors in a series at the facility in violation of Section 4.13.7 of the ADAAG.

**Access to Goods and Services**

k. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

l. There are restrooms for public use at the facility without the required disabled use elements, in violation of several sections of the ADAAG.

m. There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Section 4.2 of the ADAAG.

18. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.

19. Plaintiff has attempted to gain access to the Facility, but because of her disability has been denied access to, and has been denied the benefits of the services, programs and activities of the Facility, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future by Defendant because of Plaintiff's disability, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

20. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

21. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

22. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay her counsel reasonable attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. §§ 12205 and 12117.

23. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant the Plaintiff injunctive relief including an order to modify the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADAAG.

**WHEREFORE**, the Plaintiff respectfully requests the Court to issue a permanent injunction enjoining the Defendant from continuing its discriminatory practices, ordering the Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and awarding Plaintiff her attorneys' fees, litigation expenses and costs.

DATED this 18th day of November, 2009.

Respectfully submitted,

AURILIO & ASSOCIATES, P.A.
Attorneys for Plaintiff
3307 Northlake Boulevard, Suite 105
Palm Beach Gardens, Florida 33403
Telephone: 561-627-5300
Facsimile: 561-625-5629
Email: saurilio@auriliolaw.com

By: _____
SAMUEL C. AURILIO
Florida Bar No. 0840874